1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SAN DIEGO NAVY BROADWAY                    CASE NO. 07cv0038 JM(WMc)
     COMPLEX COALITION,

12                                              **ORDER GRANTING MOTION**
                              Plaintiff,        **TO DISMISS; GRANTING**
13         vs.                                  **LEAVE TO AMEND**

14   U.S. DEPARTMENT OF DEFENSE; et al.,

15                              Defendants.

16

17         Defendant Manchester Pacific Gateway LLC ("MPG") moves to dismiss the complaint for

18   failure to state a claim under Fed.R.Civ.P. 12(b)(6).  Plaintiff San Diego Navy Broadway Complex

19   Coalition ("NBCC") opposes the motion.  The other defendants have not responded to the motion nor

20   filed a statement of non-opposition.  For the reasons set forth below, the motion to dismiss is granted

21   with 20 days leave to amend from the date of entry of this order.

22                              **BACKGROUND**

23         On January 4, 2007, NBCC commenced this action against the Untied States Department of

24   Defense, the Department of the Navy, Naval Facilities Engineering Command, Naval Facilities

25   Engineering Command Southwest, several individual federal officers in their official capacities

26   (collectively "Federal Defendants"), and MPG.  Plaintiff seeks declaratory and injunctive relief for

27   alleged violations of the National Environmental Policy Act ("NEPA") and the Administrative

28   Procedures Act ("APA").

The project at issue involves a development agreement between the City of San Diego and the Navy for the Navy Broadway Complex located on four city blocks along the waterfront in downtown San Diego.  Plaintiff challenges the November 22, 2006 finding that the that the project will not have a significant impact on the environment ("FONSI").   The determination was based on an environmental impact statement prepared in 1990, a record of decision prepared in 1992, and an environmental assessment ("EA") prepared in 2006. (Compl. ¶5).  Also on November 22, 2006, MPG and the Department of the Navy entered into a 99 year ground lease for the development of the project.

The Complaint alleges that Defendants (1) failed to prepare an Environmental Impact Statement ("EIS"); (2) failed to prepare a supplemental EIS ("SEIS"); and (3) failed to allow public participation before making the FONSI.  (Compl. ¶12-26).  Plaintiff alleges that the EA was prepared behind closed doors, without the public's knowledge, and without any opportunity for public comment on the accuracy and adequacy of the EA.  (Compl. ¶¶19, 24).  The EA concluded that there was no need to update the 1990 EIS.  Plaintiff challenges this finding and alleges that a modern-day EIS or a SEIS is required to adequately assess the environmental impact of the project.  (Compl. ¶¶15, 20, 24).

Plaintiff seeks a declaration from the court that Defendants failed to comply with NEPA and the APA and that Defendants must prepare an EIS or an SEIS.  Furthermore, Plaintiff seeks an injunction to prohibit Defendants, or anyone in privity with them, from taking any action on any aspect of the project.

MPG argues that it is not a proper party to this action because it is a private development company, not a federal agency subject to NEPA.  Plaintiff opposes the motion.

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

1  Courts should not dismiss a complaint "unless it appears beyond doubt that plaintiff can prove no set

2  of facts in support of his claim which would entitle [the party] to relief." Moore v. City of Costa

3  Mesa, 886 F.2d 260, 262 (9th Cir. 1989) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), cert.

4  denied, 496 U.S. 906 (1990).  The defect must appear on the face of the complaint itself.  Thus, courts

5  may not consider extraneous material in testing its legal adequacy.  See Levine v. Diamanthuset, Inc.,

6  950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted

7  as part of the complaint.  See Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555

8  n.19 (9th Cir. 1989).

9      Finally, courts must construe the complaint in the light most favorable to the plaintiff.  See

10  Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).

11  Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable

12  inferences to be drawn from them. See Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).

13  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule

14  12(b)(6) motion.  See In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

15  **The Motion**

16      MPG asserts that only the Federal Defendants are proper parties under NEPA.  NEPA imposes

17  duties and obligations on "all agencies of the Federal Government. . . ."  42 U.S.C. §4332.  The

18  twofold purpose of NEPA is "to inject environmental considerations into the federal agency's

19  decisionmaking process" and "to inform the public that the [federal] agency has considered

20  environmental concerns in its decisionmaking process."  Weinberger v. Catholic Action of

21  Hawaii/Peace Education Project, 454 U.S. 139, 143 (1981).  As noted in Macht v. Skinner, 916 F.2d

22  13, 18 (D.C. Cir. 1990), " NEPA requires federal agencies - not states or private parties - to consider

23  the environmental impacts of their proposed actions (emphasis in original)."

24      Here, the three NEPA claims alleged by Plaintiff can only be asserted against the Federal

25  Defendants.  The three claims specifically allege that Federal Defendants violated NEPA by failing

26  to prepare an EIS, failing to prepare an SEIS, and failing to allow adequate public comment before

27  making the FONSI. (Compl. ¶¶12-26).  As the express statutory scheme imposes these environmental

28  / / /

1   obligations only on federal agencies, the complaint as currently pled fails to state a claim against

2   MPG.[1]

3          In sum, the court grants the motion to dismiss for failure to state a claim against MPG.  As

4   leave to amend is to be freely granted under Fed.R.Civ.P. 15(a), the court grants Plaintiff's oral

5   request for leave to amend the complaint.  The amended complaint shall be filed within 20 days of

6   entry of this order.

7          **IT IS SO ORDERED.**

8   DATED:  May 7, 2007

9                                                              _____

10                                                             Hon. Jeffrey T. Miller
                                                               United States District Judge

11  cc: All Parties

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
    _____

27          [1] Plaintiff opposes the motion to dismiss largely on the ground that MPG is a proper party under
    Fed.R.Civ.P. 19.  The court declines to consider Plaintiff's opposition to the Rule 12(b)(6) motion as a motion
28  to join a necessary or indispensable party under Rule 19.