FILED

2007 AUG 23  PM 3: 54

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO NAVY BROADWAY COMPLEX COALITION,<br><br>                                    Plaintiff,<br><br>    vs.<br><br>U.S. DEPARTMENT OF DEFENSE; et al.,<br><br>                                    Defendants. | CASE NO. 07cv0038 JM(WMc)<br><br>ORDER GRANTING RULE 12(B)(6) MOTION TO DISMISS ALL CLAIMS; DENYING RULE 19 MOTION TO JOIN MANCHESTER PACIFIC GATEWAY LLC AS A PARTY |

Defendant Manchester Pacific Gateway LLC ("MPG") moves to dismiss all claims alleged in the First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) on the ground that it is not a proper party to this action. Plaintiff San Diego Navy Broadway Complex Coalition ("NBCC") opposes the motion and separately moves to join MPG as a party-defendant under Rule 19. MPG opposes the Rule 19 motion. The other defendants have not responded to the motion nor filed a statement of non-opposition. For the reasons set forth below, the Rule 12(b)(6) motion to dismiss the NEPA claims is granted with prejudice, the Rule 12(b)(6) motion to dismiss the claim for declaratory relief is granted with prejudice, and NBCC's motion to join MPG as a party-defendant under Rule 19 is denied without prejudice.

07cv0038

# BACKGROUND

On January 4, 2007, NBCC commenced this action against the Untied States Department of Defense, the Department of the Navy, Naval Facilities Engineering Command, Naval Facilities Engineering Command Southwest, several individual federal officers in their official capacities (collectively "Federal Defendants"), and MPG. Plaintiff seeks declaratory and injunctive relief for alleged violations of the National Environmental Policy Act ("NEPA") and the Administrative Procedures Act ("APA").

The project at issue involves a development agreement between the City of San Diego and the Department of the Navy for the Navy Broadway Complex located on four city blocks along the waterfront in downtown San Diego, California. Plaintiff challenges the November 22, 2006 finding that the project will not have a significant impact on the environment ("FONSI"). The FONSI determination was based on an environmental impact statement prepared in 1990, a record of decision prepared in 1992, and an environmental assessment ("EA") prepared in 2006. (FAC ¶5). Also on November 22, 2006, MPG and the Department of the Navy entered into a 99 year ground lease for the development of the project.

Among the amended allegations contained in the FAC, NBCC alleges that MPG intends to proceed with development of the Navy Broadway Complex regardless of whether the Federal Defendants have violated NEPA; that the Federal Defendants desire MPG to complete development regardless of any relief that may be granted in this action; that MPG is presently undertaking steps to complete the development as quickly as possible, in advance of any final rulings in this case; and that it can only obtain complete relief if MPG is a party to this action. (FAC ¶7).

On the merits of the NEPA claims, NBCC generally alleges that the EA was prepared behind closed doors, without the public's knowledge and without any opportunity for public comment on the accuracy and adequacy of the EA. (FAC ¶¶21, 25). The EA concluded that there was no need to update the 1990 EIS. Plaintiff

07cv0038

1   challenges this finding and alleges that a modern-day EIS or a SEIS is required to

2   adequately assess the environmental impact of the project. (FAC ¶¶15, 17, 20, 25).

3        In its first three causes of action, NBCC alleges that Defendants (1) failed to

4   prepare an Environmental Impact Statement ("EIS"); (2) failed to prepare a

5   supplemental EIS ("SEIS"); and (3) failed to allow public participation before making

6   the FONSI. (FAC ¶14-28). The fourth claim seeks a declaration that the lease between

7   MPG and the Department of the Navy "is invalid based on the unlawful acts and

8   omissions of the other Defendants as alleged in" the FAC. (FAC ¶30). Plaintiff also

9   alleges that the lease is invalid under the public-trust doctrine "because the Navy

10  Broadway Complex is situated on land that is subject to the doctrine and further

11  because the lease, in contravention of the doctrine, adversely affects the public's right

12  of access to and use and enjoyment of the land on which the Navy Broadway Complex

13  is situated." (FAC ¶31). Plaintiff seeks (1) a declaration from the court that

14  Defendants failed to comply with NEPA and the APA and that Defendants must

15  prepare an EIS or an SEIS and (2) an injunction to prohibit Defendants, or anyone in

16  privity with them, from taking any action on any aspect of the Navy Broadway

17  Complex project.

18       On May 7, 2007 the court granted MPG's motion to dismiss the original

19  complaint for failure to state a claim under Rule 12(b)(6). The court held that the

20  "three NEPA claims alleged by Plaintiff can only be asserted against the Federal

21  Defendants." (Order at p.4:24-25).

22  **DISCUSSION**

23  **Legal Standards**

24       Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in

25  "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir.

26  1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a

27  "cognizable legal theory" or sufficient facts to support a cognizable legal theory.

28  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should

- 3 -

1  dismiss a complaint for failure to state a claim when the factual allegations are
2  insufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp</u>
3  <u>v. Twombly</u>, __ 550 U.S. __, 127 S.Ct. 1955 (2007).  The defect must appear on the
4  face of the complaint itself.  Thus, courts may not consider extraneous material in
5  testing its legal adequacy. <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir.
6  1991).  The courts may, however, consider material properly submitted as part of the
7  complaint.  <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555
8  n.19 (9th Cir. 1989).

9       Finally, courts must construe the complaint in the light most favorable to the
10  plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116
11  S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations in
12  the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v.</u>
13  <u>Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations of
14  law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion.  <u>In</u>
15  <u>Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

16  **The NEPA Claims**

17       MPG asserts that only the Federal Defendants are proper parties under NEPA.
18  The court concludes, for the reasons set forth in its May 7, 2007 Order, that the three
19  NEPA claims alleged by Plaintiff can only be asserted against the Federal Defendants.
20  Consequently, the court grants MPG's Rule 12(b)(6) motion to dismiss these claims
21  with prejudice.

22  **The Declaratory Relief Claim**

23       To state a claim for declaratory relief, a plaintiff must sufficiently allege: (1) an
24  actual controversy within the meaning of Article III; and (2) that the actual controversy
25  relates to a claim within the court's subject mater jurisdiction, upon which relief could
26  be granted.  28 U.S.C. §2201(a); <u>Calderon v. Ashmus</u>, 523 U.S. 740, 745-47 (1998).
27  Stated another way, the question is whether there is a "substantial controversy, between
28  parties having adverse legal interests, of sufficient immediacy and reality to warrant the

07cv0038

1  issuance of a declaratory judgment."  Maryland Cas. Co. v. Pacific Coal & Oil Co.,

2  312 U.S. 270, 273 (1941).  The propriety of declaratory relief is determined at the time

3  the action is filed.  See Household Bank v. JFS Group, 320 F.3d 1249, 1259-60 (11th

4  Cir. 2003).

5       MPG asserts that NBCC fails to identify any actual controversy between the

6  parties.  NBCC is not a party to the contract and, to the extent the court finds the

7  environmental review inadequate, the only remedy available under NEPA is to compel

8  the Federal Defendants comply with their statutory obligations.  Strycker's Bay

9  Neighborhood Council, Inc. v. Karlen, 444 U.S. 223, 277-28 (1980) ("[O]nce an

10  agency has made a decision subject to NEPA's procedural requirements, the only role

11  for a court is to insure that the agency has considered the environmental consequences,

12  it cannot 'interject itself within the area of discretion of the executive as to the choice

13  of the action to be taken.").  Here, NBCC seeks a declaration that the ground lease

14  between the Federal Defendants and MPG "is invalid based on the unlawful acts and

15  omissions of the other Defendants." (FAC ¶30).  The court concludes that, at the time

16  of filing this action, the alleged controversy was too speculative and remote in time to

17  satisfy the case or controversy requirement of the Declaratory Judgment Act as NBCC

18  fails to show that MPG is proceeding with actual construction-related activities, or

19  imminently threatens to do so.[1]  NBCC also fails to establish a contractual basis to

20  intercede in this action as it has not alleged that it is a party to, or a third party

21  beneficiary of, the contract between MPG and the Federal Defendants.  Absent some

22  showing that actual construction-related activities are "of sufficient immediacy and

23  reality to warrant the issuance of declaratory judgment," Maryland Cas. Co., 312 U.S.

24  at 273, NBCC's claim for declaratory judgment is not yet ripe for adjudication.

25  Accordingly, NBCC fails to show that declaratory judgment is presently appropriate.

26       Lastly, NBCC argues that declaratory relief is appropriate because it alleges that

27

28       [1] At the time of oral argument, MPG represented that the project continues in the initial design and planning stages.

- 5 -

1  the ground lease between MPG and the Federal Defendants is invalid under the public-

2  trust doctrine. Specifically, NBCC contends that the lease is invalid "because the Navy

3  Broadway Complex is situated on land that is subject to the doctrine and further

4  because the lease, in contravention of the doctrine, adversely affects the public's right

5  of access to and use and enjoyment of the land on which the Navy Broadway Complex

6  is situated." (FAC ¶31). Under this theory, MPG alleges that declaratory relief is

7  available to determine the validity of this allegation.

8          Even if NBCC's argument had any merit, (1) NBCC lacks standing to challenge

9  the federal government's interests in the Naval Broadway Complex property under the

10  public trust doctrine and (2) MPG is not a proper party. NBCC, as the party asserting

11  federal jurisdiction, has the burden of establishing Article III standing. <u>Daimler</u>

12  <u>Chrysler Corp. v. Cuno</u>, 126 S.Ct. 1854, 1861 (2006); <u>Renne v. Geary</u>, 501 U.S. 312,

13  316 (1991) (the presumption is the federal court lacks jurisdiction "unless the contrary

14  appears affirmatively from the record"). First, whether the federal government's fee

15  simple interest in the Navy Broadway Complex property is subject to restrictions under

16  the state's public trust doctrine is an issue between the federal government and the

17  State of California, not private parties. <u>See United States v. 15,320 Acres of Land,</u>

18  <u>More or Less, in San Diego County</u>, 1991 U.S. Dist. LEXIS 21875, at *1 (S.D. Cal.

19  July 1, 1991). NBCC simply fails to identify any authority permitting a private party

20  to challenge the federal government's fee simple interests under the public trust

21  doctrine. Second, MPG is not a proper party from whom NBCC may obtain a remedy

22  under the public trust doctrine or NEPA.[2]

23

_____

24     [2] On the merits, the court takes judicial notice, pursuant to FRE 201, of United
       States District Court Judge William B. Enright's 1991 order finding that the "United
25     States holds the deeded [NBC] parcels in fee simple subject only to certain utility
       easement rights held by the City of San Diego." <u>United States v. 15,320 Acres of</u>
26     <u>Land</u>, 1991 U.S. Dis. LEXIS 21875 at *20. There, in a condemnation action between
       the United States, the State of California, the San Diego Unified Port District, and the
27     City of San Diego, the United States sought and obtained a "ruling that its ownership
       of these  parcels [the Navy Broadway Complex property] is not restricted by a
28     'tidelands trust' interest. . . ." <u>Id.</u> at *2-3. At the time of oral argument, NBCC did not
       seriously dispute that Judge Enright's order is determinative of the public trust doctrine

1   In sum, NBCC fails to establish that it may maintain a declaratory relief claim
2   against MPG under the Declaratory Judgment Act.  To the extent MPG seeks to assert
3   a declaratory relief claim against MPG based on the public trust doctrine, the claim is
4   dismissed with  prejudice.[3]
5   **Rule 19 Joinder**
6   NBCC contends that MPG is a proper party under Rule 19.  Rule 19(a)(1)
7   provides that a person may be joined as party if "in the person's absence complete
8   relief cannot be accorded among those already parties."  Joinder will not be mandated
9   unless the court cannot provide meaningful relief in the absence of the party sought to
10   be joined. Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043-44 (9th
11   Cir. 1983).
12   Plaintiff relies on Kettle Range Conservation Group v. U.S. Bureau of Land
13   Management, 150 F.3d 1083 (9th Cir. 1998) for the proposition that it will not attain
14   an effective remedy unless MPG is joined as a party. In Kettle Range the Bureau of
15   Land Management ("BLM") commenced a project whereby it exchanged federally
16   owned forested lands for privately held "shrub-steppe."  Id. at 1087.  Plaintiff sued to
17   compel the federal agency to comply with NEPA.  After the district court denied
18   plaintiff's motion for preliminary injunction, BLM set about to exchange the
19   properties.  About one year later, in May 1998, the district court granted plaintiff's
20   motion for summary judgment, concluding that BLM failed to comply with its
21   obligations under NEPA.  The court also enjoined the BLM from continuing to
22   exchange the remaining 8% of the properties pending completion of an environmental
23   assessment.  The district court declined to rescind the already completed exchange
24   contracts because plaintiff had failed to timely join the individual property owners as
25   
26   issue.

27   [3] NBCC requests leave to amend its Declaratory Judgment Act claim to add additional non-
identified factual allegations in support of the applicability of the public trust doctrine to the Navy
Broadway Complex property.  Because, for the above stated reasons, there appears to be no
28   circumstances under which NBCC may obtain any relief from MPG under the public trust doctrine,
the court dismisses this portion of its declaratory relief claim with prejudice.

07cv0038

1    parties under Rule 19.  The Ninth Circuit affirmed noting that "the parties holding title
2    to the lands were necessary because the district court could not grant complete relief
3    without "impair[ing] or imped[ing] their interests" under Rule 19(a)(2).  Id. at 1086.
4    The Ninth Circuit also noted that substantial irreversible action had occurred on the
5    properties that were not joined as parties.

6          Here, NBCC fails to show how its interests would be impaired or impeded if
7    MPG is not made a party-defendant to this action.  In Kettle Range the Ninth Circuit
8    upheld the district court's impairment analysis under Rule 19 and its conclusion that
9    plaintiff had moved too late for joinder because 92% of the real property interests had
10   already been transferred to private parties and certain parcels of land had already been
11   logged.  The present case is not like Kettle Range in the sense that plaintiff moves too
12   late for intervention.  Rather, in this case, Plaintiff moves too prematurely to join MPG
13   as a party-defendant.  There is no indication or allegation that MPG is proceeding with
14   actual construction related activities, or threatens to do so, prior to resolution of
15   Plaintiff's NEPA claims.  NBCC fails to show that there is a sufficiently imminent
16   impairment to the Navy Broadway Complex site which would prevent NBCC from
17   obtaining complete relief.

18         Moreover, it appears that NBCC is presently able to obtain complete relief from
19   the Federal Defendants without MPG's joinder.  Whether MPG's interests would be
20   adequately represented by the Federal Defendants depends on consideration of three
21   factors: (1) whether "the interest of the present parties are such that it will undoubtedly
22   make all" of the absent party's arguments; (2) whether the party is "capable of and
23   willing to make such arguments;" and (3) whether the absent party would "offer any
24   necessary element to the proceedings" that the present parties would neglect."
25   Sherman v. United States, 982 F.2d 1312, 1318 (9th Cir. 1992).  Here, the court
26   concludes that (1) the Federal Defendants would raise any argument MPG could raise;
27   (2) the Navy is capable and willing to argue its compliance with NEPA; and (3) MPG
28   does not offer any necessary element to the present action because only the Federal

- 8 -

07cv0038

1   Defendants have obligations under NEPA, not MPG.

2        In light of the above discussion, the court concludes that NBCC fails to establish

3   that MPG is a proper party under Rule 19.  The court notes that, absent any actual or

4   imminent threat of construction-related activities occurring on the Navy Broadway

5   Complex property prior to resolution of NBCC's NEPA claims, MPG is not a proper

6   party under Rule 19 and NBCC is capable of obtaining complete relief from the Federal

7   Defendants.

8        In sum, the motion to dismiss the NEPA claims is granted with prejudice, the

9   motion to dismiss the declaratory relief claim is granted with prejudice to the extent

10  NBCC seeks to raise the public trust doctrine to invalidate the lease between MPG and

11  the Department of the Navy, and the motion to join MPG under Rule 19 is denied.

12      **IT IS SO ORDERED.**

13  DATED: _____8/23_____ , 2007

14

15                                          _____

16                                          **JEFFREY T. MILLER**
                                            United States District Judge

16  cc:     All parties

17

18

19

20

21

22

23

24

25

26

27

28

07cv0038